Battle, J.
 

 We cannot distinguish this case from that of
 
 Leary
 
 v.
 
 Fletcher,
 
 1 Ire. Rep. 259. The principle there decided, and which was sanctioned subsequently in the case of
 
 Ducket
 
 v.
 
 Simmer,
 
 11 Ire. Rep. 431, was, that the 11th section of 63d chapter of the Nevised Statutes, taken from the Act of 1189, (ch. 311, sec. 5, of the Nevised Code of 1820,) “does not confer on the court a
 
 general power
 
 to make orders of sale, but confers a power limited in its terms, and restricted in its objects, to make orders to sell designated parts of an orphan’s estate, to pay ascertained debts against such an estate.” “It is obvious,” say the court, “that the Legislature intended, and therefore we hold that the Legislature required, that the judgment of the court should be exercised in deciding whether there were any debt or demand against the estate of the ward, to render a sale of his property expedient; and if so, then in selecting the part or parts of his property, which could be disposed of with least injury to the ward.” It is manifest, that, in the case before us, the county court no more exercised its judgment in ascertaining that there were debts against the estate of the ward, than was done in
 
 Leary
 
 v.
 
 Fletcher.
 
 Nor is the land ordered to be sold, designated with sufficient certainty; one hundred acres
 
 more or less,
 
 
 *45
 
 without any definite boundaries, is a description giving a greater latitude to tbe guardian than was intended by tbe Legislature.
 

 Upon tlie whole, then, we may say, that tbe order, if valid, “authorises tbe guardian to sell any part be pleases of tbe ward’s land, which be may deem necessary for tbe payment of debts against tbe father’s estate. Tbe court, instead of exercising its own discretion on tbe subjects, whereon tbe Legislature required it to act, has undertaken to delegate that discretion to the guardian. This cannot legally be done;
 
 deleg ai/us non potest
 
 delegare.”
 

 Tbe judgment below must be reversed, and according to tbe case agreed, a judgment must be entered in favor of tbe plaintiff for sixpence damages.
 

 Per Curiam,
 

 Judgment reversed.